Edmond Le Clair
vs.
Blackstone Valley Gas
&
Electric Company

No. 78817.

April 9, 1931.

CHURCHILL, J. This was a suit for consequential damages growing out of the accident in which Laudia Le Clair, wife of the plaintiff, was involved. The verdict was for $250.

On the question of liability the case must follow the decision in the case of *Laudia Le Clair* vs. *Blackstone Valley Gas & Electric Company*, No. 78824, this day decided.

The plaintiff proved a money expenditure of $81 for hospital bills, the services of a physician and for medicines and the like, but put in no testimony as to the value of the services of his wife. He testified that for a period of about three months she was incapacitated from performing her household duties and that during that time a great number of the household duties were performed by himself.

The defendant argues that the verdict is not supported by any evidence except as to the amount of $81 and that the plaintiff is confined in his recovery to the amount of his expenditures made necessary by the injuries to his wife.

In *Golden* vs. *R. L. Greene Paper Co.*, 44 R. I. 231, the Supreme Court had occasion to pass on the question of the right of a husband to recover damages in a consequential suit, and they held that the husband was restricted "to the loss to his estate in connection with the expenses to which he has been put in consequence of such disability" and "the loss of services growing out of her injury," and defined services as the wife's services about his household and her assistance in the education and care of his children.

In view of this decision it is clear the plaintiff was entitled to recover not only for the expenditure of $81 but also a reasonable amount for the loss of his wife's services. The amount awarded was not unreasonable under the circumstances disclosed by the uncontradicted evidence.

That there was no evidence of the value of the wife's services reckoned in terms of money is not fatal to the verdict.

> *Chicago R. I. & P. R. R. Co.* vs *Cleaver*, 48 Texas Civil App., 294 at 296 & 297.

The verdict does not fail to do substantial justice between the parties and defendant's motion for a new trial is hereby denied.